IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AURELIO LLANOS-FALERO, **Plaintiff** | : : : : : : : : | No. 1:22-CV-1222 (Judge Munley) |
| v. | | |
| UNITED STATES OF AMERICA, **Defendant** | | |

## MEMORANDUM

Plaintiff Aurelio Llanos-Falero initiated the above-captioned civil action in July 2022, alleging negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. Presently pending is the United States' motion for summary judgment under Federal Rule of Civil Procedure 56. Llanos-Falero has not opposed Defendant's Rule 56 motion in any way. The court, therefore, will grant Defendant's motion.

## I. BACKGROUND

In his complaint, Llanos-Falero alleged that, around 4:00 a.m. on September 21, 2020, while incarcerated at FCI Allenwood, he suffered a stroke. (Doc. 1 ¶ 6). He recounts that he informed Bureau of Prisons (BOP) corrections officers that he could not move his left side and was experiencing a medical emergency, but those officers took no action. (Id.) It was not until corrections officers on the next shift arrived and noticed his obvious stroke symptoms

(including left-sided facial droop and balance difficulties) that medical attention was sought. (Id.) He further alleged that it took FCI Allenwood officials six hours to transfer him to an outside hospital. (Id.) He maintains that prison officials were negligent by breaching their duty of care to him, and that this breach caused him "[p]ersonal [i]njury." (Id. ¶¶ 6-7, 19, 20).

The United States answered Llanos-Falero's complaint, (see Doc. 18), and extensive discovery ensued, (see Docs. 30, 32, 37, 40, 44 (orders granting multiple extensions to the case management deadlines)). The United States now moves for summary judgment under Federal Rule of Civil Procedure 56. (Doc. 45). Llanos-Falero has not opposed this motion in any way, and the time for doing so has passed.[1] Defendant's unopposed Rule 56 motion, therefore, is ripe for disposition.

## II.   STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and

---

[1] The court has independently confirmed that Llanos-Falero's mailing address at USP Victorville—as noted on the docket and utilized for service by the United States—is accurate according to the BOP's online inmate locator tool. See https://www.bop.gov/inmateloc/ (searching via Llanos-Falero's BOP Register Number and full name) (last visited Aug. 21, 2024).

the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." EBC, Inc. v. Clark Bldg. Sys., Inc., 618 F.3d 253, 262 (3d Cir. 2010) (quoting Clark v. Modern Grp. Ltd., 9 F.3d 321, 326 (3d Cir. 1993)).

At the Rule 56 stage, the court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor." Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014). This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue. Liberty Lobby, 477 U.S. at 250-57; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986). A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]." Daniels v. Sch. Dist. of Phila., 776 F.3d 181, 192 (3d Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 252) (alteration in original). Succinctly stated, summary judgment is "put up or shut up

3

time" for the nonmoving party. Daubert v. NRA Grp., LLC, 861 F.3d 382, 391 (3d Cir. 2017) (quoting Berkeley Inv. Grp. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006)).

### III. DISCUSSION[2]

The United States asserts that Llanos-Falero has not, and cannot, proffer evidence to establish a breach of the duty of care or causation, as required to prove a claim of negligence under Pennsylvania law. Llanos-Falero's failure to oppose Defendant's Rule 56 motion leads to summary judgment being granted in favor of the defendant.

#### A. Failure to Oppose Rule 56 Motion

Initially, Llanos-Falero has failed to carry his burden at summary judgment because he has not opposed Defendant's Rule 56 motion in any way. Llanos-Falero has not identified any record evidence that would rebut Defendant's contention (and supporting evidence) that no BOP official breached a duty of care or caused Llanos-Falero's unspecified injury. Llanos-Falero has not, for example, pointed to a declaration or affidavit, witness statements, documentary

---

[2] Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Defendant filed its statement of material facts, (Doc. 48), but Llanos-Falero failed to respond to that statement. Accordingly, the court will deem admitted the facts in Defendant's Rule 56.1 statement. See LOCAL RULE OF COURT 56.1.

4

support, expert report, or any other evidence that could sustain a verdict in his favor. In fact, Llanos-Falero has not even responded to Defendant's Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed. See LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (emphasis added) (quoting D.E. v. Cent. Dauphin Sch. Dist., 765 F.3d 260, 268-69 (3d Cir. 2014)). Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment. FED. R. CIV. P. 56(c)(3).

No materials have been provided or cited by Llanos-Falero in opposition to Defendant's Rule 56 motion. Thus, because Llanos-Falero has failed to establish that there is a genuine dispute of material fact by failing to oppose Defendant's Rule 56 motion, the court must grant judgment in the United States' favor.

B.  **Merits of FTCA Claim**

A second reason that summary judgment must be granted in Defendant's favor is that, upon consideration of the Rule 56 record, there is no evidence that would sustain a verdict in Llanos-Falero's favor on his FTCA claim.

"The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment." Rinaldi v. United States, 904 F.3d 257, 273 (3d Cir. 2018); see also 28 U.S.C. § 1346(b)(1). "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court. Thus, 'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'" In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 361-62 (3d Cir. 2001) (quoting Reo v. U.S. Postal Serv., 98 F.3d 73, 75 (3d Cir. 1996)).

In the case at bar, Llanos-Falero alleges an underlying state-law claim of negligence. Under Pennsylvania law, to establish the tort of negligence, a plaintiff must show that "the defendant owed a duty of care to the plaintiff, that duty was breached, the breach resulted in the plaintiff's injury, and the plaintiff suffered an actual loss or damages." Kinney-Lindstrom v. Med. Care Availability

& Reduction of Error Fund, 73 A.3d 543, 563 n.17 (Pa. 2013) (quoting Merlini ex rel. Merlini v. Gallitzin Water Auth., 980 A.2d 502, 506 (Pa. 2009)).

Defendant first asserts that Llanos-Falero has proffered no evidence that any BOP official breached a duty of care owed to Llanos-Falero. (Doc. 49 at 17-18). But this is not the primary focus of the United States' defense. Rather, the gravamen of Defendant's Rule 56 motion is that, even if there were a breach of a duty owed to Llanos-Falero, he has failed to adduce evidence that could establish causation—the third element of a negligence claim. The court agrees.

To establish causation for a *prima facie* claim of negligence, "a plaintiff must produce sufficient facts to show that the defendant's negligence was both the cause-in-fact and the legal, or proximate cause of [his] injuries. In Pennsylvania, a negligent act is a cause-in-fact of the plaintiff's injuries 'if the harmful result would not have come about but for the negligent conduct.'" Straw v. Fair, 187 A.3d 966, 993 (Pa. 2018) (quoting First v. Zem Zem Temple, 686 A.2d 18, 21 n.2 (Pa. Super. Ct. 1996)). To show proximate cause, a plaintiff must establish that the negligent conduct "was a substantial factor in bringing about the harm inflicted upon a plaintiff." Id. (quoting Jones v. Montefiore Hosp., 431 A.2d 920, 923 (Pa. 1981)).

Llanos-Falero's verified complaint and its attachments, which are the only documents he has proffered in this litigation, do not specify what physical injury,

if any, he suffered from the alleged delay in medical care. (See, e.g., Doc. 1 ¶ 7 (alleging that plaintiff suffered "[p]ersonal [i]njury"); id. ¶ 19(5) (same)). As best as the court can ascertain, Llanos-Falero appears to assert that his recovery following the stroke was—in some unspecified manner—worse than it would have been if immediate medical attention had been provided.

The insurmountable problem for Llanos-Falero is that he has failed to offer *any* evidence of causation (either cause-in-fact or proximate). This problem is compounded by the expert medical opinion provided by the United States, in which the board-certified vascular neurologist Steven R. Zeiler, M.D., Ph.D., opines that Llanos-Falero—following prompt surgical intervention—returned to his "neurological baseline," meaning that he "has experienced the best possible post-stroke outcome: functional independence."[3] (Doc. 48 ¶¶ 89-91). Dr. Zeiler additionally concluded, within a reasonable degree of medical certainty, that earlier medical intervention could not have led to a more improved outcome than that which Llanos-Falero achieved. (Id. ¶ 92). Llanos-Falero, therefore, has not only failed to specify and prove the harm he allegedly suffered, but he has also failed to proffer any evidence that the BOP's alleged negligence (*i.e.*, the delay in care) was the cause-in-fact or proximate cause of that harm.

---

[3] "Functional independence" is defined by the range of symptoms spanning from "no symptoms" to "the presence of a slight disability which impairs previous activities, but at least able to look after one's own affairs without assistance." (Doc. 48 ¶ 72).

8

Without evidence of causation, Llanos-Falero cannot proceed beyond the Rule 56 stage and take his negligence claim to trial. Thus, even if the court were to reach the merits of Llanos-Falero's FTCA claim (despite his failure to oppose the instant Rule 56 motion), Defendant's motion for summary judgment would still be granted.

## IV. CONCLUSION

Based on the foregoing, the court will grant the United States' unopposed motion for summary judgment under Federal Rule of Civil Procedure 56. An appropriate Order follows.

Date: 8/21/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court